IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC V. DRAKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-471-D-BN |
| | § | |
| NORDSTROM DEPARTMENT STORES, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Eric V. Drake, alleging violations of his constitutional rights and state law torts, brings this a *pro se* action against Defendant Nordstrom Department Stores related to a nose waxing procedure performed at a spa located in a Nordstrom store in Dallas. *See* Dkt. No. 3. This action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater.

Drake moves for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court deny the IFP motion and dismiss this action without prejudice on the basis of sanctions imposed by the United States District Court for the Eastern District of Texas.

**Applicable Background**

Drake has filed numerous civil cases in this district and elsewhere. And at least

the Eastern District of Texas has explicitly noted his vexatious litigation practices and sanctioned him accordingly. Earlier this year, that court noted:

> Drake has a long history of vexatious litigation in the Eastern District of Texas and other districts across the United States and has been prohibited from proceeding *in forma pauperis* with any civil action in the Eastern District of Texas without first obtaining leave to proceed *in forma pauperis. See Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-CV-00318-MHS-CMC (No. 11). Respondents' Motion includes a list of cases filed by Drake over the last seven years that is more than a page in length, including the following cases in the Eastern District: *Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-318; *Eric Drake v. Travelers Casualty Insurance Co., et al.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-516; *Eric Drake v. Bank of America*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-515; *Eric Drake v. Mary Smith, et al.*, in the United States District Court for the Western District of Texas, Waco Division, Civil Action No. W-12-MC-152; *Eric Drake v. Wendell Withrow, et al.*, in the United States District Court, Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-303; *Eric Drake v. Mercedes Benz U.S.A.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:12-CV-00041; *Eric Drake v. Penske Truck Leasing Co., L.P., Navistar International Corp., and Gallagher Basset Services, Inc.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-00183; *Eric Drake v. Penske Truck Leasing Co., L.P.*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:12-CV-264; *In re: Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:11-MC-037; *In re: Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:11-MC-043; *In re Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, No. 4:16-MC-000371228.

*In re Eric Drake*, No. 4:17-MC-69-ALM-CAN, 2018 WL 912894, at *1 n.2 (E.D. Tex. Jan. 10, 2018), *rec. adopted*, 2018 WL 905560 (E.D. Tex. Feb. 15, 2018); *see also In re Eric Drake*, No. 4:17-MC-69-ALM-CAN, Dkt. No. 11 at 1 n.2 (E.D. Tex.) (complete

footnote referenced in the court's decision cites cases filed nationwide – and as far away as the District of Hawaii – including cases filed in the Northern District of Texas and in state courts in Dallas County).

As noted, the Eastern District of Texas imposed the following sanctions against Drake in 2012:

> Eric Drake is prohibited from proceeding *in forma pauperis* with any civil action in this court – whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court – unless he first obtains from a district judge of this court leave to proceed *in forma pauperis* in this court. If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Drake seeks, in writing, leave from a district judge of this court to proceed in this court.

*Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-cv-00318-MHS-CMC, Dkt. No. 11 at 6 (E.D. Tex. Mar. 16, 2012).

### Legal Standards and Analysis

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means *p*]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

And this Court routinely "honors sanctions imposed by other federal district

-3-

courts in Texas" against prisoner and non-prisoner vexatious litigants alike. *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-cv-327-N, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008).

> In general, the court retains the inherent authority to curb abusive litigation. Federal courts in Texas will honor sanctions imposed by other federal district courts in Texas against a prisoner litigant. *See* MISC. ORD. 48 (N.D. Tex.); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of action based on enforcing other district's sanction order); *Schmidt v. Van Buren*, 243 F. App'x 803 (5th Cir. June 13, 2007) (unpublished per curiam) (noting district court's enforcement of sister court's sanction orders).
>
> "In cases involving litigious, non-prisoner *pro se* plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes." *Sparkman v. Charles Schwab & Co., Inc., et al.*, 3:07cv1457-B (N.D. Tex. Feb. 29, 2008) (enforcing multiple sanctions and orders of the U.S. District Court for the Eastern District of Texas against non-prisoner *pro se* litigant).

*Id.* (enforcing "the sanction order of the Western District of Texas pursuant to Misc. Ord. 48" against a non-prisoner *pro se* plaintiff, dismissing action with prejudice, and barring plaintiff "from filing any future civil actions in any court in the Northern District of Texas without first seeking leave of court"); *see also Sheehan v. State of Tex.*, No. 3:05-cv-1318-K, 2005 WL 2036686, at *1 (N.D. Tex. Aug. 17, 2005) ("The proper administration of justice requires that courts [honor sanctions orders imposed by other federal courts as] to prisoner and nonprisoner litigants alike." (citations omitted)).

Therefore, the Court should honor the sanctions previously imposed against Plaintiff Eric V. Drake and thereby deny his IFP motion and dismiss this action without prejudice to his ability to re-file it only after obtaining leave from a district judge of this Court.

## Recommendation

The Court should deny the motion for leave to proceed *in forma pauperis* [Dkt. No. 4] and dismiss this action without prejudice on the basis of sanctions imposed by the United States District Court for the Eastern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 1, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE