IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ERIC V. DRAKE, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:18-CV-0471-D |
| VS. | § | |
| | § | |
| NORDSTROM DEPARTMENT STORES, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Eric V. Drake moves under 28 U.S.C. §§ 144 and 455 to recuse both the undersigned and United States Magistrate Judge David L. Horan, to whom this *pro se* lawsuit filed *in forma pauperis* ("IFP") was referred for screening under 28 U.S.C. § 636(b) and the court's standing order of reference. The court denies the motions.

I

"Motions brought under § 144 and . . . § 455 are substantively similar and both require recusal only for 'personal, extrajudicial bias.'" *United States v. Gonzalez*, 348 Fed. Appx. 4, 6 (5th Cir. 2009) (per curiam) (quoting *United States v. MMR Corp.*, 954 F.2d 1040, 1045-46 (5th Cir. 1992)); *see also United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) ("Under either statute, the alleged bias must be personal, as distinguished from judicial, in nature." (citation omitted)). Section 144, moreover, "relates only to charges of actual bias." *Henderson v. Dep't of Pub. Safety & Corrs.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citing *In re Faulkner*, 856 F.2d 716, 720 n.6 (5th Cir. 1988)). Under § 144, "a judge must only

reassign a cause to another judge 'when a party makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him on in favor of any adverse party.'" *United States v. Saleh*, 2010 WL 4274757, at *3 (N.D. Tex. Oct. 22, 2010) (Lindsay, J.) (quoting *Scroggins*, 485 F.3d at 829 n.19).

"Once [a] motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged." *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 517 F.2d 1044, 1051 (5th Cir. 1975). Accordingly, in deciding Drake's motion under § 144, the undersigned will not address whether Drake's assertions against him are true, but will only "assess the timeliness and legal sufficiency of [Drake's] affidavit." *Saleh*, 2010 WL 4274757, at *3.

II

The court turns first to Drake's motion to recuse Judge Horan. Drake seeks recusal based on how Judge Horan conducted the pretrial management of a prior lawsuit that Drake filed in this court. This motion is untimely because Drake was aware of this ground for recusal but did not move to recuse Judge Horan until after he recommended that Drake's IFP motion in this case be denied and that this action be dismissed on the basis of sanctions imposed against Drake by the Eastern District of Texas.

> A timely motion to recuse is one filed "at the earliest moment after knowledge of the facts demonstrating the basis" for the recusal. Although there is no per se untimeliness, the "most egregious delay" occurs when a party knows the facts and circumstances that would lead to disqualification of the judge

>but does not raise the issue of recusal until after the judge makes an adverse decision.

*Hill v. Breazeale*, 197 Fed. Appx. 331, 335 (5th Cir. 2006) (per curiam) (quoting, respectively, *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994); *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998)).

Moreover, Drake's affidavit in support of recusing Judge Horan is not legally sufficient.

>A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature.

*Henderson*, 901 F.2d at 1296 (citing *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975)).

Drake's motion is not supported by an affidavit but by a declaration that is not "made under penalty of perjury. On this ground alone, [his] motion" is not legally sufficient. *Lewis v. Brown*, 2015 WL 5313556, at *2 (M.D. La. Sept. 8, 2015) (deGravelles, J.).

But even if this deficiency were put aside, the facts alleged in the declaration are—at a minimum—not extrajudicial. That is, the alleged bias is judicial in nature and based on how Judge Horan managed Drake's prior case and Judge Horan's selection as the magistrate judge for this case. *See, e.g., United States v. Merkt*, 794 F.2 950, 960-61 (5th Cir. 1986) ("Merkt, in her affidavit, refers primarily to statements and rulings made by Judge Vela during her trial and sentencing in a previous case. These prior judicial rulings, however,

offer no basis for recusal; they do not show any personal bias against Merkt.").

Accordingly, Drake's motion to recuse Judge Horan is denied.

III

The court now turns to Drake's motion to recuse the undersigned. This motion, too, is not supported by an affidavit or a declaration made under penalty of perjury. But even if it were, Drake's allegations of bias against the undersigned are also judicial in nature: they relate to the assignment of this case to the undersigned and the undersigned's pretrial-management referral to Judge Horan, one of the four magistrate judges in the Dallas Division of this court. *See* Drake Decl. at 1 & 2 ("The case was assigned to Fitzwater. Affiant does not know if the case was randomly assigned to Fitzwater or assigned to Fitzwater because of who the affiant is: Eric Drake. However, out of 9 (nine) magistrate judges in the division somehow Fitzwater chose Horan as the magistrate judge. . . . Affiant does not believe that Fitzwater by chance [] assigned Horan to the affiant's case, but if it was by chance, out of nine other magistrate[s], that would be a miracle."). Therefore, passing only on the legal sufficiency of the affidavit, and not passing on the truth of the matter alleged, the court holds that Drake's motion to recuse the undersigned is legally insufficient.

\* \* \*

For the reasons explained, the court denies Drake's March 5, 2018 motion to recuse the undersigned because it is not legally sufficient, and denies his motion to recuse Judge Horan because the motion is untimely.

**SO ORDERED**.

March 19, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE